UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ENRIQUE SERRANO CASTRO, ROSALINDA REYNOSO, and DANIEL AVILA TULE, individually and d/b/a MI MEXICANO RESTAURANTE, <br><br> Defendants. | Case No.: 12-CV-05767-LHK <br><br> ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE |

For the reasons stated herein, the Court ORDERS Plaintiff J&J Sports Productions, Inc. ("Plaintiff") to Show Cause why this Case Should Not Be Dismissed for Failure to Prosecute.

First, Plaintiff has not been diligent in serving the Defendants in this case. Plaintiff filed its complaint on November 9, 2012. *See* ECF No. 1. Prior to today, March 6, 2013, Plaintiff failed to submit any documentation demonstrating that a single Defendant was served properly. Plaintiff still has not served Defendant Daniel Avila Tule, individually and doing business as Mi Mexicano Restaurante. *But see* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). Plaintiff's records indicate that Plaintiff did not even attempt to serve Defendant Tule until

1    February 26, 2013, and has only made one attempt since.  *See* Plaintiff's *Ex Parte* Application for
2    an Order Continuing Case Management Conference and Extending Time to Complete Service,
3    ECF No. 13, at Ex. 1.  Because the Court does not find that Plaintiff has been diligent in seeking to
4    serve Defendant Tule, Plaintiff's *Ex Parte* Motion to Extend Time to Complete Service, filed
5    earlier today, is hereby DENIED.

6    In addition, Plaintiff has failed to comply with the Court's requirements in regard to Case
7    Management Conferences.  On December 20, 2012, the Court set a Case Management Conference
8    for March 6, 2013, and stated that the Case Management Statement was due by February 27, 2013.
9    *See* ECF No. 8.  However, Plaintiff failed to file a timely joint case management statement in
10   violation of Civil Local Rule 16-10 of the United States District Court for the Northern District of
11   California.  Only after the Court ordered Plaintiff to file such as statement, *see* ECF No. 9, did
12   Plaintiff comply, *see* ECF No. 11.

13   Plaintiff also failed to comply with Civil Local Rule 16-10's requirement that "[r]equests to
14   participate in the conference by telephone must be filed and served at least 7 days before the
15   conference or in accordance with the Standing Orders of the assigned Judge."  N.D. Cal. Civil L.
16   Rule 16-10.  Rather than filing the request to participate telephonically one week prior to the Case
17   Management Conference, Plaintiff filed a Motion to Appear by Telephone only one day before the
18   Court date.  *See* ECF No. 10.

19   Moreover, Plaintiff failed to appear at the Case Management Conference.  Notably, at
20   approximately 12:36 p.m. today, March 6, Plaintiff filed an *Ex Parte* Motion to Continue the Case
21   Management Conference scheduled for 2:00 p.m., *see* ECF No. 13.  The Court denied this Motion
22   to Continue the Case Management Conference for failure to show good cause.  *See* ECF No. 14.
23   The Case Management Conference then proceeded as scheduled.  Despite the Court's Order,
24   Plaintiff failed to participate.  The Court then issued an Order to Show Cause Why this Case
25   Should Not be Dismissed for Failure to Prosecute.

26   After the Court issued the Order to Show Cause, the assistant for Plaintiff's counsel e-
27   mailed the Courtroom Deputy to state that Plaintiff's counsel had "been on standby for the CMC at
28   2pm" but that "the Court ha[d] not yet called and the Order did not indicate that Mr. Riley was to

2
Case No.: 12-CV-05767-LHK
ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE

initiate the call." The Court's Standing Order states explicitly that, if a request to participate telephonically in a hearing is granted, "the parties are directed to contact Court Call Phone Conferencing at (866) 582-6878 in advance of the hearing to schedule a telephonic appearance and tell Court call you've been approved by Martha Parker Brown." Standing Order on Scheduling Notes. Plaintiff's confusion might be excusable if this were the first time that Plaintiff's counsel, Mr. Riley, sought to appear telephonically before this Court. However, Mr. Riley has litigated approximately forty-five cases—if not more—before the undersigned judge and had never once appeared in Court in person. All of Mr. Riley's appearances have been by telephone. Consequently, Mr. Riley's claim that he was unfamiliar with Court Call Phone Conferencing simply lacks credibility.

Thus, the Court hereby ORDERS Plaintiff to Show Cause why this case should not be dismissed for failure to prosecute. Plaintiff has until March 13, 2013, to file a response to this Order to Show Cause. A hearing on this Order to Show Cause is set for **Wednesday, March 20, 2013, at 2:00 P.M.** Plaintiff's counsel is required to appear **in person**; no telephone appearances will be allowed. Plaintiffs' failure to respond to this Order and to appear at the March 20, 2013 hearing will result in dismissal with prejudice for failure to prosecute.

**IT IS SO ORDERED.**

Dated: March 6, 2013

_Lucy H. Koh_
LUCY H. KOH
United States District Judge